IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY DEES,

       Plaintiff,

   v.                                          Case No. 11-cv-893-JPG

CIERRA SIMPSON, DANIELLE
GOODWIN, ERIC FORT, CURTIS MOORE,
MICHAEL MCCLELLAND, ERIC PLOTT,
and CHRISTOPHER PHEMISTER,

       Defendants.

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated at Tamms Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff alleges several claims, all stemming from retaliation against plaintiff for a grievance he filed against Simpson.  First, he alleges that he confronted Simpson about withholding meals from another inmate.  Plaintiff also informed McClelland, Simpson's supervisor, of Simpson's actions.   In retaliation for "snitching" on Simpson, she withheld meals from plaintiff.  Plaintiff filed a grievance against Simpson for withholding his meals.  Thereafter, plaintiff alleges that Simpson, McClelland, and Fort retaliated against him for filing the grievance by withholding his meals.

Plaintiff became angry that his meals were being withheld and attempted to remove his black food box from his cell door.  As a result of his actions, Plott, Moore, and Phemister moved plaintiff to another pod.  During this move, while plaintiff was cuffed and in leg irons, plaintiff alleges that Plott instructed Moore and Phemister to take plaintiff to the multi-purpose room.  While in the multi-purpose room, plaintiff alleges that Moore and Phemister held him while

Simpson kneed him in the groin several times and punched him in the stomach.  Further, plaintiff alleges that Plott stood and observed the attack, but failed to intervene to protect plaintiff. Thereafter, plaintiff pleaded with these defendants for medical care.  However, the defendants refused to seek medical care for plaintiff.

After being moved to another pod, Simpson's friend, Goodwin, continued to withhold meals from plaintiff in retaliation for the grievances plaintiff had filed against Simpson.  In fact, Goodwin went to the extent of placing empty cereal and milk containers in Dees' food tray, and tampering with his breakfast cakes.  One day, while he reached to retrieve his food from the food box, Goodwin slammed the food box on plaintiff's hand, causing his finger to swell.  Plaintiff asked for medical attention for his cut hand, but Goodwin refused to seek medical care for plaintiff.  Goodwin reminded plaintiff that if he would stop filing grievances against Simpson, she would leave him alone.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting plaintiff's allegations as true, the Court finds that plaintiff has articulated a colorable federal cause of action as follows:

**Count 1**:     A claim against defendants Simpson, McClelland, and Fort for retaliation against plaintiff for exercising his constitutionally protected right of access to the courts.

**Count 2**:     A claim against defendants Simpson, Moore, and Phemister for excessive force in violation of the Eighth Amendment.

**Count 3**:     A claim against defendants Simpson, Plott, Moore, and Phemister for deliberate indifference to medical needs in violation of the Eighth Amendment.

**Count 4**:     A claim against defendant Plott for failure to protect plaintiff in violation of the Eighth Amendment.

**Count 5**:     A claim against defendant Goodwin for retaliation against plaintiff for exercising his constitutionally protected right of access to the courts.

**Count 6**:     A claim against defendant Goodwin for excessive force in violation of the Eighth Amendment.

**Count 7**:     A claim against defendant Goodwin for deliberate indifference to medical needs in violation of the Eighth Amendment.

## Disposition

The Clerk of Court shall prepare for defendants Simpson, Goodwin, Fort, Moore, McClelland, Plott, and Phemister:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel.  If the plaintiff is

incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

4

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:** August 27, 2012

                                        s/ J. Phil Gilbert

                                        **J. PHIL GILBERT**

                                        **United States District Judge**