IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY DEES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:11-cv-00893-JPG-PMF** |
| | ) |
| CIERRA SIMPSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Michael McClelland and Cierra Simpson's (Doc. 46) motion for summary judgment. Plaintiff Rodney Dees has not responded to the motion. For the following reasons, it is recommended that the Defendants' (Doc. 46) motion for summary judgment be granted.

**I.   FACTS**

Plaintiff Rodney Dees is presently incarcerated at Pontiac Correctional Center ("Pontiac"). Dees was incarcerated at Tamms Correctional Center ("Tamms") at the time allegations in the complaint arose. Pontiac and Tamms are correctional facilities under the control of the Illinois Department of Corrections ("IDOC"). The Court has summarized the relevant allegations of the complaint as follows:

> Plaintiff alleges several claims, all stemming from retaliation against plaintiff for a grievance he filed against Simpson. First, he alleges that he confronted Simpson about withholding meals from another inmate. Plaintiff also informed McClelland, Simpson's supervisor, of Simpson's actions. In retaliation for "snitching" on Simpson, she withheld meals from plaintiff. Plaintiff filed a grievance against Simpson for withholding his meals. Thereafter, plaintiff alleges that Simpson, McClelland, and Fort retaliated against him for filing the grievance by withholding his meals.

1

> Plaintiff became angry that his meals were being withheld and attempted to remove his black food box from his cell door. As a result of his actions, Plott, Moore, and Phemister moved plaintiff to another pod. During this move, while plaintiff was cuffed and in leg irons, plaintiff alleges that Plott instructed Moore and Phemister to take plaintiff to the multi-purpose room. While in the multi-purpose room, plaintiff alleges that Moore and Phemister held him while Simpson kneed him in the groin several times and punched him in the stomach. Further, plaintiff alleges that Plott stood and observed the attack, but failed to intervene to protect plaintiff. Thereafter, plaintiff pleaded with these defendants for medical care. However, the defendants refused to seek medical care for plaintiff.
>
> After being moved to another pod, Simpson's friend, Goodwin, continued to withhold meals from plaintiff in retaliation for the grievances plaintiff had filed against Simpson. In fact, Goodwin went to the extent of placing empty cereal and milk containers in Dees' food tray, and tampering with his breakfast cakes. One day, while he reached to retrieve his food from the food box, Goodwin slammed the food box on plaintiff's hand, causing his finger to swell. Plaintiff asked for medical attention for his cut hand, but Goodwin refused to seek medical care for plaintiff. Goodwin reminded plaintiff that if he would stop filing grievances against Simpson, she would leave him alone.

Doc. 9 at 1-2.

## II.  PROCEDURAL HISTORY

On October 3, 2011, Dees filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against nine Defendants. On August 27, 2012, the Court conducted preliminary review of the complaint pursuant to its authority in 28 U.S.C. § 1915A. *See* Doc. 9. In that order, the Court determined that Dees stated claims in 7 counts. *See id*. On October 26, 2012, Defendants Michael McClelland and Cierra Simpson filed the instant motion for summary judgment claiming that Dees failed to exhaust his administrative remedies with regard to the claims against her. *See* Doc. 46. A notice warning the *pro se* Plaintiff of the consequences of failing to respond to motion for summary judgment (Doc. 48) was also filed in compliance with the law of this Circuit. *See Bryant v. Madigan*, 84 F.3d 246, 247 (7th Cir. 1996); *see also Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Dees did not file anything within the allowable window for a response to the motion. The Court then issued an order directing Dees to show cause why

judgment should not be entered for McClelland and Simpson. *See* Doc. 51. Dees did not respond to the order to show cause.

### III.   DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...". FED. R. CIV. P. 56(c)(1)(A). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with a lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The IDOC has a three-step process that prisoners under their jursidiction are required to follow in order to exhaust administrative remedies. *See* 20 Ill.Admin.Code § 504.800 *et seq*.

Defendants McClelland and Simpson submitted evidence with the (Doc. 46) motion for summary judgment indicating that Dees failed to properly exhaust his administrative remedies with regard to count 1 for retaliation. *See* Doc. 47-1 – 47-5. This evidence demonstrates that Dees was still attempting to exhaust his administrative remedies regarding the allegations in count 1 after this lawsuit began. *See* Docs. 1 (lawsuit filed on October 3, 2011), 47-4 at 1 (letter of final determination by the ARB dated October 19, 2011). A prisoner may not file suit prior to completion of the exhaustion process. *See, e.g., Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (Section 1997e(a) says that exhaustion must precede litigation).

Dees has failed to file a response to the instant motion despite being repeatedly warned of the consequences for such a failure. *See* Doc. 48. In this situation, summary judgment is appropriate for the moving party. *See,* FED. R. CIV. P. 56(e) (the failure to support or properly address a fact may be grounds to consider a fact undisputed or summary judgment may be granted if the facts show that the movant is so entitled). S*ee also* SDIL-LR 7.1(c) (The lack of response to a motion for summary judgment may be construed as admission on the merits of the motion). The undisputed facts, here, show that Dees failed to properly exhaust his administrative remedies with regard to McClellan and Simpson.

## IV. DEFENDANT FORT

On March 5, 2013, this Court sent Dees a "notice of impending dismissal" regarding Defendant Eric Fort. See Doc. 40. Because Dees had failed to move for entry of default against Defendant, Dees warned that Fort would be dismissed from this case pursuant to Federal Rule of Civil Procedure 4(m) unless certain action was taken. Dees has not taken any action with respect to Fort so it will be recommended that Fort be dismissed.

## V. FILING FEES

On May 17, 2013, this court issued an order directing Plaintiff to show cause as to why this case should not be dismissed for failure to pay the initial partial filing fee of $1.22. *See* Doc. 52. As of this date, Plaintiff has not responded to the show cause order or paid the initial partial filing fee. Accordingly, it is recommended that the remainder of this case be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## VI. RECOMMENDATION

For the forgoing reasons, it is recommended that Michael McClelland and Cierra Simpson's (Doc. 46) motion for summary judgment be granted.

It is further recommended that Defendant Michael McClelland be dismissed.

It is further recommended that Defendant Eric Fort be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

It is further recommended that count 1 be dismissed.

It is further recommended that the remainder of this case be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

If this Report and Recommendation is adopted in its entirety, this case can be closed.

SO RECOMMENDED.

DATED: June 17, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE